IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| VALERIE GARDNER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PRO-VIGIL, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  3:22-cv-00114-TCB-RGV<br>)<br>)<br>)<br>) |

**DEFENDANT PRO-VIGIL, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Pro-Vigil, Inc.'s ("Pro-Vigil") files this response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 36), and states as follows:

**I. PLAINTIFF DOES NOT OBJECT TO THE MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS HER TITLE VII GENDER DISCRIMINATION CLAIM.**

In footnote 1 of Plaintiff's Objections, Plaintiff states, "she is not objecting to the R&R's recommendation as to Count I." (Doc. 38, p. 1 n. 1.) Therefore, the Court should adopt the Magistrate Judge's recommendation on Count I and grant summary judgment in favor of Pro-Vigil.

## II. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS HER RETALIATION CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's objection to the Magistrate Judge's recommendation to dismiss her retaliation claim fails on two key points: (i) the Magistrate Judge examined all of the evidence and found that the record simply does not support an inference of a "convincing mosaic," and (ii) Plaintiff does not dispute the Magistrate Judge's finding that there was no causal link between any protected activity and adverse action as the decisionmaker did not know about Plaintiff's prior complaints when making the decision to terminate her employment.

First, Plaintiff argues that the Magistrate Judge's recommendation did not provide sufficient analysis to her "convincing mosaic" argument. However, the Court should note that other than stating the standard for determining if there is a "convincing mosaic" in the introduction of her opposition brief, Plaintiff made no specific arguments on that issue. (*See* Doc. 33, p. 3.) Instead, she merely argues the facts of the case in the context of the *McDonnell Douglas* analysis.

Despite admitting that she is not taking the "position that the R&R erred by employing a *McDonnell Douglas* analysis," Plaintiff contends that the Magistrate Judge erred by spending two pages on his *McDonnell Douglas* analysis and only addressing the "convincing mosaic argument in a conclusory fashion in a footnote."

2

(Doc. 38, pp. 12-13, 16.) However, Plaintiff ignores the fact that the Magistrate Judge spent 16 pages of the Report and Recommendation (pp. 5-21) examining in detail the facts of this case. The Magistrate Judge then spent another nine pages (pp. 54-63) analyzing Plaintiff's retaliation claim against the facts viewed in the light most favorable to Plaintiff. In footnote 39 of the Report and Recommendation, the Magistrate Judge stated the following concerning a "convincing mosaic":

> **To the extent Gardner argues that her Title VII claims of discrimination and retaliation could survive summary judgment under the alternative analysis that there is "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker,"** _Smith v. Lockheed-Martin Corp._, 644 F.3d 1321, 1328 (11th Cir. 2011) (footnote, citations, and internal marks omitted); _see also James_, 823 F. App'x at 735 (assuming without deciding that the convincing mosaic theory applied to retaliation claims and finding that plaintiff, whose only evidence was her own declaration, had failed to "create a convincing mosaic of circumstantial evidence that created a triable issue about the [defendant's] retaliatory intent"); _Vinson v. Macon-Bibb Cnty._, CIVIL ACTION NO. 5:18-cv-00306-TES, 2020 WL 2331242, at *12 (M.D. Ga. May 11, 2020) (citations and internal marks omitted) (discussing the convincing mosaic theory and explaining that while plaintiffs explained how the analysis worked, they "never present[ed] the evidentiary tiles to construct the mosaic for [the] . . . claim" and that it was "not the Court's burden to comb through [the] records . . . to develop arguments in a parties' favor when such arguments should have been presented to the Court for consideration," since the "onus [was] upon the parties to formulate arguments" and "district courts cannot concoct or resurrect arguments neither made nor advanced by the parties"), aff'd sub nom. _Vinson v. Tedders_, 844 F. App'x 211 (11th Cir. 2021) (per curiam) (unpublished); _Welker v. Orkin, LLC_, Civil Action No. 5:13–CV–126 (MTT), 2014 WL 1572535, at *6 & n.7 (M.D. Ga. Apr. 17, 2014) (acknowledging the alternative analysis of

3

presenting a convincing mosaic of circumstantial evidence under <u>Smith</u>, but noting plaintiff only relied on the <u>McDonnell Douglas</u> framework for circumstantial evidence); [Doc. 33 at 2-3], **for all the reasons discussed herein, the record simply does not support such an inference.**

(Doc. 36, pp. 63-64)(emphasis added). The Magistrate Judge considered whether there was a "convincing mosaic" despite noting that the Plaintiff did not develop any arguments on that issue. After having examined the facts of the case in depth, the Magistrate Judge correctly found that "the record simply does not support such an inference."

Second, Plaintiff does not object to the Magistrate Judge's finding that "Metzler, the final decisionmaker with respect to her termination, was not aware of Gardner's protected activities at the time she made the decision to terminate Gardner, … and Gardner has not offered any evidence to link D'Amore or McCrossen's knowledge of her prior complaints, to Metzler's decision …." (Doc. 36, p. 60.) This is fatal to Plaintiff's objection because all of the evidence that she argues shows a "convincing mosaic" concerns D'Amore and McCrossen. She never mentions Metzler at all in the objection or the fact that Metzler was the decisionmaker and not D'Amore and McCrossen.

Therefore, the Court should adopt the Magistrate Judge's recommendation on Count II and grant summary judgment in favor of Pro-Vigil.

4

## CONCLUSION

For the foregoing reasons, the Court should adopt the Magistrate Judge's Report and Recommendation and grant Pro-Vigil's Motion for Summary Judgment on all claims.

Respectfully submitted this 15th day of February, 2024.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ N. DeWayne Pope*

N. DeWayne Pope
Georgia Bar No. 141891
55 Ivan Allen Jr. Blvd., NW
Suite 750
Atlanta, Georgia 30308
(404) 869-9054
dpope@grsm.com

*Counsel for Defendant Pro-Vigil, Inc.*

## CERTIFICATION

In accordance with Local Rules 5.1(C) and 7.1(D), I hereby certify that this document has been prepared in 14 point, Times New Roman font.

Dated:   February 15, 2024

*/s/ N. DeWayne Pope*
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of February 2024, electronically filed the foregoing **DEFENDANT PRO-VIGIL, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** using the Court's CM/ECF e-filing system, which will automatically and electronically serve the parties of record in this matter.

*/s/ N. DeWayne Pope*
*Counsel for Defendant*